

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 16, 1962

Honorable Charles J. Lieck, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio 5, Texas

Opinion No. WW-1311

Re: Whether the Commissioners
Court of Bexar County may
authorize the use of vot-
ing machines for one poli-
tical party at a primary
election, and the use of
paper ballots for another
political party.

Dear Mr. Lieck:

You have asked the following questions:

"1. Can the Commissioners Court of Bexar
County authorize the use of voting
machines for one of such parties at
the Primary Election and the use of
paper ballots for the other of such
parties?

"2. If such use cannot be so authorized,
may the Commissioners Court authorize
the use of voting machines for both
parties at the populous voting pre-
cincts of the county and paper ballots
for both parties in the less populous
precincts?"

You have further stated in your letter:

"It is the opinion of the Commissioners
Court as expressed by formal resolution of
such court that the number of voting machines
owned by Bexar County is insufficient to pro-
vide each party with voting machines in each
precinct in Bexar County; that the expense
to be incurred in the purchasing, servicing
and storing of additional voting machines is
prohibitive; that there is insufficient time
to procure such machines for use in the Pri-
mary Election. We add that no provision has
been made in the 1962 budget for the rental
or additional purchase of voting machines.

"The Commissioners Court of Bexar
County, Texas, in 1941, adopted voting
machines for use in elections in said

County, at which time 300 machines were
rented from the Automatic Voting Machine
Corporation and which machines were sub-
sequently purchased from such company.
Since that time Bexar County acquired
additional voting machines and now owns
448 of such machines, 441 of which are
in good working order, ready for use in
such Primary Election."

Sec. 3, Art. 7.14, Texas Election Code, reads in part as
follows:

"The Commissioners Court of any
county in the State of Texas may adopt
for use in elections and primary elec-
tions in at least three (3) of the lar-
ger voting precincts in voting strength
in said county, any kind of voting ma-
chine approved by the Secretary of
State and may adopt such voting machine
at any time for use in such additional
voting precincts in the county as it
may deem advisable and <u>thereupon such
voting machines shall be used at any
and all elections and primary elections,
municipal, county, district, or state
held in that county or any part thereof.</u>
. . ." / Emphasis added /

Art. 7.14, Texas Election Code is derived from Art. 2997a,
V.C.S., which latter article was repealed upon passage of the
Texas Election Code.  Art. 2997a, V.C.S. was enacted in 1930, Acts
41st Leg., 4th Called Session, Chap. 33, page 60.  Sec. 3, Art.
2997a, V.C.S. is the basis for Sec. 3, Art. 7.14, Texas Election
Code.  Sec. 3, Art. 2997a, V.C.S. was amended in 1937, Acts 45th
Leg., 2nd Called Session, Chapter 52, page 1953.  In the original
version of Sec. 3 of Art. 2997a, V.C.S. in 1930, and as amended
in 1937, and as it appears today in Sec. 3, Art. 7.14, Texas
Election Code, are found the following words:

". . . and thereupon such voting
machine shall be used at any and all
elections and primary elections, muni-
cipal, county, district or state held
in that county or any part thereof. . . ."

This office, ir Attorney General's Opinion No. WW-55, was
asked whether the Commissioners Court of Rusk County could dis-
pense with the use of voting machines in a forthcoming Special

Senatorial Election, and use paper ballots instead, where the Commissioners Court had previously adopted the use of voting machines as provided by statute.  The Opinion, after citing Sec. 3, Art. 7.14, Texas Election Code, and underscoring the words quoted above, held:

> "On the basis of the foregoing statute the Commissioners Court of Rusk County is not authorized to dispense with the use of voting machines at the forthcoming special Senatorial election and use paper ballots in lieu thereof. However, the Commissioners Court would have authority to rescind its previous order adopting voting machines and thereafter paper ballots could be used at all special, primary, and general elections held in Rusk County."

We understand from your letter that the Bexar County Commissioners Court in 1941 order the use of voting machines in all precincts of the county.  The use of paper ballots by one political party in its primary election would not comply with the statute which requires the use of such voting machines at any and all elections and primary elections.  Certainly, there should be no discrimination between political parties in the use of voting machines. We hold, in answer to your first question, that the Commissioners Court may not authorize the use of voting machines by one political party and the use of paper ballots by another political party in conducting their respective primary elections.

In answer to your second question, we would like to point out that under the order of the Commissioners Court now in force, all parties must use the voting machines in the primary elections in all precincts.  However, as held in Opinion No. WW-55, the Commissioners Court may rescind its previous order directing the use of voting machines in all precincts.  When that is accomplished, the county is back where it started, using paper ballots in all precincts for all types of elections.  We see no reason why the Commissioners Court may not thereafter avail itself of the provisions of Sec. 3, Art. 7.14, Texas Election Code, and adopt the use of the machines in as many precincts as the county has machines available for both political parties.  This will leave all precincts not affected by the last order still using paper ballots. The status of each precinct in the county with respect to the use or non-use of the voting machines would continue at every election to be held thereafter, subject to further orders of the Commissioners Court.

Other solutions to the county's voting machines problem may be found in Subdivision 6 of Art. 7.14, Texas Election Code, and in the cases of Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980 (1941) and Bexar County v. Mann, 138 Tex. 99, 157 S.W.2d 134 (1941).

## S U M M A R Y

The Commissioners Court may not discriminate between poltical parties in the use of voting machines.

If the procedure outlined in the opinion is followed, it will not be necessary to use paper ballots in all precincts in Bexar County. Voting machines may then be used in the more populous precincts on a non-discriminatory basis.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant Attorney General

REF:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

William Hemphill
Jack N. Price
Gordon Zuber
W. E. Allen

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.